## Kaskie v. Kaskie

*Michael E. Kusturiss,* for plaintiff.
*Robert L. Ceisler,* for defendant.

BELL, *J.*, September 24, 1980—Upon consideration of the pleadings, briefs, and arguments of counsel, we hereby sustain plaintiff's and deny defendant's preliminary objections. The facts are as follows:

On January 24, 1979, in the Court of Common Pleas of Washington County, Pa., plaintiff, John R. Kaskie, Sr., filed a complaint in divorce against his spouse, defendant, Helen S. Kaskie.[1] Defendant filed an answer to said complaint, praying that plaintiff's action in divorce be dismissed. Plaintiff subsequently moved to North Carolina where he established a domicile, and on July 1, 1980, in the General Court of Justice of Martin County, North Carolina, commenced another action in divorce against defendant. Plaintiff had not, however, discontinued his earlier, Pennsylvania divorce. On July 30, 1980, defendant filed a counterclaim in divorce to plaintiff's Pennsylvania divorce action, setting forth divorce grounds and requesting relief pursuant to the new Pennsylvania Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq.

On August 13, 1980, the North Carolina court granted plaintiff a decree in divorce. Subsequent thereto plaintiff filed a complaint in partition[2] in Washington County, Pa., praying for division of the real property jointly titled in his and defendant's names.

Both parties have filed preliminary objections in the nature of a motion to strike: plaintiff to strike defendant's counterclaim in divorce, and defendant to strike plaintiff's complaint in partition.

Plaintiff first argues that defendant has failed to comply with section 103, 23 P.S. § 103, of the Divorce Code, supra. We agree. Section 103 states, in pertinent part: "The provisions of this act shall not affect any suit or action pending, but the same may

---

1. File no. 363 January Term, 1979 A.D. An earlier action in divorce between the parties, filed at no. 426 March Term, 1972, had been discontinued.

2. Said complaint was filed at no. 7229 In Equity.

be proceeded with . . . *upon application granted,* under the provisions of this act." (Emphasis supplied.) Before defendant's counterclaim was filed, this court was not presented with, nor was there filed, an application to proceed under the new Divorce Code.[3] Furthermore, although section 103, 23 P.S. §103, of the Divorce Code does not specify the form or content of such an application, defendant's contention that her counterclaim is at once a pleading and an application is without merit. Section 103, 23 P.S. §103, does not require merely an application to proceed under the Divorce Code, but an "application granted." The confusion that would be spawned by the ambiguous granting of a divorce party's "pleading/application" can be easily avoided by merely requiring an application separate from the pleadings.

In accord with plaintiff's second argument, we also agree that defendant has failed to comply with Pa.R.C.P. 1031(a) and 1033. Defendant has neither included her counterclaim in her answer, Pa.R.C.P. 1031(a), see 2 Goodrich-Amram. 2d §1031(a):3, nor has she acquired "leave of court" to amend her answer to include the counterclaim. Pa.R.C.P. 1033.

Plaintiff's preliminary objection, therefore, must be sustained and defendant's counterclaim stricken from the record.

Finally, we deny defendant's preliminary objection in the nature of a motion to strike plaintiff's action in partition. Defendant agrees we must give full faith and credit to the North Carolina divorce decree. 12 P.L.E., Divorce §201. Upon their divorce, whatever realty plaintiff and defendant may have owned as tenants by the entireties, they now

---

3. Defendant still has not filed such an application.

own as tenants in common. Id. at § 193. The proper procedure for dividing property held under this latter title is an action in partition, which plaintiff has commenced and for which the striking of defendant's counterclaim in divorce has cleared the procedural path.

## ORDER

And now, this September 23, 1980 plaintiff's, John R. Kaskie, Sr's., preliminary objection in the nature of motion to strike is sustained and defendant's, Helen S. Kaskie's, counterclaim in Divorce, at no. 363 January Term, 1979, is stricken. Defendant Helen S. Kaskie's, preliminary objection in the nature of a motion to strike plaintiff's complaint in partition, at no. 7729 in equity, is denied.